THOMAS E. FRANKOVICH (State Bar No. 074414)
AMANDA LOCKHART (State Bar No. 289900)
THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*
702 Mangrove Ave., #304
Chico, CA 95926
Telephone:     (415) 389-8600
Email: tfrankovich@disabilitieslaw.com
         alockhart@disabilitieslaw.com

Attorney for Plaintiff
BYRON CHAPMAN,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN, <br><br>     Plaintiff, <br><br> v. <br><br> CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC <br><br>     Defendants, | **CASE NO.** <br> <u>**Civil Rights**</u> <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) <br><br> **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br> **3ʳᵈ CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* <br><br> **4ᵗʰ CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) <br><br> **DEMAND FOR JURY** |

Plaintiff  BYRON CHAPMAN, complains of defendants LU FAMILY PROPERTIES LLC;  CAMARILLO HOSPITALITY INC., d.b.a. BEST WESTERN CAMARILLO INN and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff  BYRON CHAPMAN and the disability community are members, including but not limited to 4A4U,  for failure to remove architectural barriers structural in nature at defendants' Best Western Camarillo Inn, a place of public accommodation, thereby discriminatorily denying plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff  brings this action acting as a "private attorney general" privatizing enforcement of the American with Disabilities Act of 1990 ("ADA") without the American tax payer(s) bearing the financial tax burden for such action.

3.      Plaintiff is a person with physical disabilities who, on or about January 26, 2016 and Sept 1, 2016 (and deterred thereafter on May 25, 2017), was an invitee, guest, patron, customer at defendants' Best Western Camarillo Inn, in the City of Camarillo, California.  At said time(s) and place, defendants failed to provide proper legal access to the Inn, which is a "public accommodation" and/or a "public facility" including, but not limited to parking, signage, lobby, dining area, guest rooms, swimming pool, outside stairs, and stair case(s).  The denial of access was in violation of both federal and California legal requirements, and plaintiff suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

4.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

5.      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 295 E. Daily Drive, in the City of Camarillo, County of Ventura, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

6.      Plaintiff  BYRON CHAPMAN is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff BYRON CHAPMAN is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff  BYRON CHAPMAN has a spinal cord injury which affects both lower extremities (i.e., right leg has no motor skills but heightened sensitivity and left leg has approximately 15% to 20% motor skills and no sensitivity).  Plaintiff  BYRON CHAPMAN relies primarily on a wheelchair to travel about in public.   Consequently, plaintiff BYRON CHAPMAN is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

///

7.    **DEFINITIONS:**

a.    **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and 2010 ADA Standards

b.    **2010 ADA STANDARDS** - The revised regulations for Title II and III of the Americans with Disabilities Act of 1990 in the Federal Register as of September 15, 2010;

c.    **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm. (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

d.    **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e.    **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are

noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

f.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

g.   **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

h.   **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering. An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

i.   **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

j.   **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

k.   **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

l.   **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

8.   Plaintiff BYRON CHAPMAN is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff BYRON CHAPMAN has a spinal cord injury which affects both lower extremities (i.e., right leg has no motor skills but heightened

sensitivity and left leg has approximately 15% to 20% motor skills and no sensitivity).

9.      The Best Western Camarillo Inn, is a hotel, located at/near 295 E. Daily Drive, Camarillo, California.  The Best Western Camarillo Inn, its parking, signage, lobby, dining room, guest room(s), swimming pool, outside stairs, stair cases and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the Inn and each of its facilities, its  parking, signage, lobby, dining room, guest room(s), swimming pool, outside stairs, stair cases and its other facilities to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

10.      Defendant LU FAMILY PROPERTIES LLC is/are the owner(s) of the real property (land and building) located at or near 295 E. Daily Drive, Camarillo, California.

11.      Defendants CAMARILLO HOSPITALITY INC., are the operators and lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as BEST WESTERN CAMARILLO INN, located at/near 295 E. Daily Drive, Camarillo,  California, or of the building and/or buildings which constitute said public accommodation.

12.      At all times relevant to this complaint, defendants CAMARILLO HOSPITALITY INC. and LU FAMILY PROPERTIES LLC own and operate in joint venture the subject BEST WESTERN CAMARILLO INN as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

13.      On or about the year 2000 the Lu Family Trust purchased and/or took possessory control of the premises now known as BEST WESTERN CAMARILLO INN and later transferred it.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that  BEST WESTERN CAMARILLO

INN was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated BEST WESTERN CAMARILLO INN as though it was accessible.

14.     At all times relevant to this complaint, defendants CAMARILLO HOSPITALITY INC. and LU FAMILY PROPERTIES LLC are jointly and severally responsible to identify and remove architectural barriers at the subject BEST WESTERN CAMARILLO INN pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201     General**
>
> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract. 28 CFR §36.201(b)

15.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

16.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the Best Western Camarillo Inn as being handicapped accessible and handicapped usable.

17.     At some of the times stated herein, plaintiff  BYRON CHAPMAN was in Camarillo, for the purposes of: vacationing and as a stop before proceeding to Anaheim, California.

18.     On or about January 26, 2016 and September 1, 2016, plaintiff  BYRON CHAPMAN was an invitee and guest at the subject Best Western Camarillo Inn, with his wife Judi Chapman (January 26, 2016 only), for purposes of nights stay before proceeding to Anaheim, California.

///

1    19.    On or about January 26, 2016 and September 1, 2016, plaintiff  BYRON

2  CHAPMAN encountered the following architectural barriers in the parking areas of Best Western

3  Camarillo Inn and as a legal result had the following adverse experiences: There was no tow-a-

4  way signage.  While there were four spaces designated for disabled parking the five foot access

5  aisle had a built up curb ramp with steep side slopes. As did the eight foot access aisle/ a legal

6  result plaintiff  BYRON CHAPMAN worried about his safety should he steer his wheel chair too

7  close to a side slope.

8    20.    On or about January 26, 2016 and September 1, 2016, plaintiff  BYRON

9  CHAPMAN encountered the following architectural barriers in the lobby of  Best Western

10  Camarillo Inn and as a legal result had the following adverse experiences: The entrance was not

11  level.  An unattached rubber mat was placed on it.  This created a dangerous condition.  The

12  registration counter was too high and as a legal result plaintiff  BYRON CHAPMAN could not

13  conduct business at it.  Even though a clip board was offered plaintiff  BYRON CHAPMAN

14  could not reach it as it was handed to him over the high counter.

15    21.    On or about January 26, 2016 and September 1, 2016, plaintiff  BYRON

16  CHAPMAN encountered the following architectural barriers in the breakfast room of  Best

17  Western Camarillo Inn and as a legal result had the following adverse experiences:  The service

18  counter was too high at 36".  The point of operation/handle to the refrigerator was at 61".  Food

19  items were set out of side and forward reach and as a legal result  plaintiff  BYRON CHAPMAN

20  had difficulty reaching and opening for food items.

21    22.    On or about September 1, 2016, plaintiff  BYRON CHAPMAN encountered the

22  following architectural barriers at the pool area of the Best Western Camarillo Inn  and as a legal

23  result had the following adverse experiences: The swimming pool was not accessible.  There was

24  a steep ramp and the locking mechanism was so high that plaintiff  BYRON CHAPMAN could

25  not use the pool.  There seemed to be a pool lift.  It was unusable because plaintiff could not enter

26  the pool area.

27  ///

28  ///

23.     On or about January 26, 2016 , plaintiff  BYRON CHAPMAN encountered the following architectural barriers in Room 126 (designated as accessible at the Best Western Camarillo Inn) encountered the following architectural barriers and as a legal result had the following adverse experiences: The entry door threshold was too high making it difficult to roll over; there was insufficient space by the bed and HVAC preventing it's use; light switch and television was too high making it difficult to turn on and off; Curtain rods were too short and should have had loops at the end were difficult and not usable; the toilet was centered at 21 ½" too far from the wall making transfer difficult; shower was missing vertical grab bar making transfer to fold down shower seat difficult; the clothing rod was too high and plaintiff  BYRON CHAPMAN could not use it and was forced to lay his clothes on the bed not being used; the lamp control on the wall was not reachable; the security peephole was too high and therefore unusable as was the safety door hatch.

24.     On or about September 1, 2016, plaintiff  BYRON CHAPMAN encountered the following architectural barriers at the Best Western Camarillo Inn and as a legal result had the following adverse experiences: Plaintiff  BYRON CHAPMAN encountered all of the same barriers and had the same difficulties as on his January 26, 2016 except for a lowered peephole had been installed into the entrance door of  Room 126 and a lowered clothes pole had also been installed.

25.     At said times and place, plaintiff  BYRON CHAPMAN also encountered architectural barriers in the form of the stair case risers not being closed off.

26.     On or about February 3, 2016, plaintiff  BYRON CHAPMAN wrote the  Best Western Camarillo Inn.  He wrote:

> "I am a wheelchair user due to my disability.  Approximately
> a week or so ago I had some business in your area and stayed at the
> Best Western Camarillo Inn on 295 Daily Dr., Camarillo, CA 93010.
> During my stay I encountered several barriers starting with
> locating the cut out ramp to the lobby.  It was dark when I arrived

and parked in a Disab. parking space to the left of the office (facing the lobby).

Once I got to the lobby I encountered a very high counter which makes it difficult to reach up to.

I stayed in a disability room but there were several issues with it!  I couldn't reach both curtain rods, difficult to reach AC/Heat controls, could not use or reach safety latch on door or peep hole in door.  Could not reach wall lamp by TV or reach under lamp between beds, plus the clothes bar was too high to hang up clothes. The roll in shower lacked several grab bars and it was difficult to get onto shower bench.  There may be other issues (barriers) in the room that I have not mentioned.

The reason I wrote two letters (Landlords), (Business Owners), is to help ensure the R-Hand and L-Hand know what needs fixing.  If both of you put your heads together, I am sure the two of you can fix the Disability Barriers.

You need to know what needs to be done and do it now. Much of the work can be done by a handyman.  Start now with the easy stuff, change out lamp between beds on night stand, ;lower the safety latch, drill another hole lower in the door, install more grab bars in shower area.

These examples are easy things to do which make a hugh difference for the Disabled, especially wheelchair users.  Remember, wheelchair users have an old saying: "Access delayed is access denied"!  You understand right?

Please write me back as soon as you get my letter, tell me exactly what will be done and when it will be done.  Give me a date.

1           If you are not the person in charge or don't have the

2   responsibility to do it, would you please make sure this letter goes to

3   the person in charge or who can make decisions on what to do.

4           I hope the next time I come back, me and others that need a

5   disability room it will be one free of barriers".

6       By letter received on or about February 11, 2016, Jason Lu the General Manager

7   responded.  He wrote:

8         "Thank you for your letter regarding your recent stay at

9   our property.

10        First off, I would like to apologize for not exceeding your

11  expectations.  Your satisfaction is important to us and we will be

12  using the feed back you gave us to implement improvements to

13  ensure we offer a better experience for guests in the future.  Your

14  suggestions couldn't have come at a better time as we are just

15  beginning the process of renovations and you input will be very

16  helpful.

17        As you mentioned, some of the items can be fixed

18  fairly easily and I will have our maintenance engineer look at

19  drilling a lower peephole and installing a lower security latch.

20  Unfortunately, he is currently out with the flu, but as soon as

21  he is back I will have him work on those items.  I will also

22  discuss with him the possibility of lowering the clothes bar

23  and putting in additional grab bars in the shower.

24        It has already been planned to put in a lower counter in

25  the lobby when we renovate.  However, we are still in the

26  design phase and the lobby has been scheduled as one of the

27  last parts of the renovation ans will probably be at least a year.

28

Do you have any suggestions for the desk lamp?  I apologize, but I'm not sure what would work better.  I will consult with the Best Western design people and bring up your difficulties with the a/c, curtain rods, and wall lamp.  Of course, if you have any suggestions I would love to hear them.

Again, I would like to apologize for any difficulties you encountered during your stay and would like to thank you for you suggestions.  Any other suggestions that you might think of would also be greatly appreciated.

If I can provide any assistance, or if you would like to discuss anything, please don't hesitate to contact me directly at 805-987-4991."

27.    However, even though Mr. Lu indicated that remedial work would be undertaken only minimal architectural barrier removal was undertaken.  It was evident that defendants did not undertake their own inspection to identify and remove architectural barriers.  While defendants stated renovations would be done in about a year (February, 2017) plaintiff is informed and believes nothing more has been done.

28.    On or about January 26, 2016 and September 1, 2016, plaintiff  BYRON CHAPMAN  encountered the following architectural barriers in the unisex restroom of the lobby at the Best Western Camarillo Inn and as a legal result had the following adverse experiences: The lobby restroom had chairs stored in front of the door taking up clear space; the flush control was on the wrong side of the toilet; the lavatory pipes were not wrapped/as a legal result it was difficult to use the unisex restroom and/or  plaintiff  BYRON CHAPMAN was deterred from using it.

29.    On or about May 26/27, 2017, and thereafter, plaintiff would have returned to the Best Western Camarillo Inn but was deterred from returning for the fear that once he returned, he would encounter all of the same architectural barriers as on the first visit and that not even the easiest barrier(s) would have been removed such as the following: removal of ramps, installation of a vertical grab bar in the shower, lowered light switches, installation of loops on curtain wands and

1  moving the toilet, to make it easier to enjoy the goods, services and opportunities afforded by this

2  public accommodation.

3       30.    Therefore, at said time(s) and place, plaintiff BYRON CHAPMAN, encountered

4  the following architectural barriers as stated herein or lack thereof and/or "elements" and

5  "facilities" which constituted architectural barriers and/or categorical architectural barriers and a

6  denial of the proper and legally required access to a public accommodation to persons with

7  physical disabilities including, but not limited to:

8

9          A.     lack of tow-a-way sign age;

10          B.     lack of curb cuts at disabled parking access aisles;

11          C.     lack of an accessible lobby entrance;

12          D.     lack of handicapped accessible registration counter;

13          E.     lack of an accessible dining area; 5% compliance requirement;

14          F.     lack of handicapped accessible guest room with two beds and bathroom within;

15          G.     lack of the requisite number of accessible guest rooms by classification;

16          H.     lack of an accessible swimming pool;

17          I.     lack of sign age, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to

18                  share in the same goods, services and opportunities as those afforded to able-bodied persons;

19

20          J.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by

21                  other persons with physical disabilities similarly situated;

22       31.    Specific architectural barriers encountered by plaintiff BYRON CHAPMAN at

23  time(s) and place herein in addition to categorical architectural barriers stated herein and the

24  respective difficulties experienced by plaintiff as stated herein, the barriers include but are not

25  limited to:

26          **PARKING**

27          •     no tow-a-way sign age with phone number;

28  ///

1      &bull;    non complying slopes and cross slopes of the parking area and or access

2           aisle(s); five foot access aisle ramp with side slopes of 4.2% to 7.6%; eight

3           foot access aisle ramp with side slopes of 5.8% to 11.2%;

4    **LOBBY ENTRANCE and LOBBY**

5      &bull;    no International Symbol of Accessability (ISA) sign age

6      &bull;    no level landing at entrance - has slope of 10.2%; non affixed rubber mat;

7    **DINING**

8      &bull;    inaccessible service counter(s) at 36";

9      &bull;    inaccessible table seating (table height and noncomplying pedestal);

10      &bull;    pedestal based tables that do not have 19" clear;

11      &bull;    lack of required five (5) percent accessible seating;

12      &bull;    placement of breakfast items or service counter too high (approximately

13           36" and out of horizontal reach range);

14    **BATHROOM IN DISABLED GUESTROOM #126**

15      &bull;    toilet that is not usable in whole or in part-center line at 21 ½";

16      &bull;    no vertical grab bar(s) in shower;

17      &bull;    noncomplying water closet placement from wall -center line at 21 ½";

18      &bull;    dispenser(s) located too high/not usable;

19    **HOTELS/MOTELS**

20      &bull;    lack of four accessible guestrooms by classification;

21      &bull;    noncomplying registration counter at 50";

22      &bull;    noncomplying shower and elements within - no vertical grab bars;

23      &bull;    noncomplying light switches;

24      &bull;    curtain wands with no extensions or loops;

25      &bull;    insufficient clear space between bed and VAC. controls;

26      &bull;    noncomplying peephole in guestroom;

27      &bull;    peephole too high;

28 ///

**SWIMMING POOL AND POOL AREA**

• slope/ramp to swimming pool gate at 20.9%;

• pool lock at 68";

Therefore, as a legal result of encountering each of said elements, plaintiff experienced one, all, or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

32.     At all time(s) as stated herein, plaintiff encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

33.     At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

34.     At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAGE minimum requirements constituted an architectural barrier which precluded plaintiff from full and equal opportunities afforded to non disabled persons to the goods and services of  Best Western Camarillo Inn.

35.     Plaintiff was and is deterred from returning to Best Western Camarillo Inn so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAGE compliant.

36.     At said time(s) and place, when plaintiff encountered the architectural barriers as stated herein, and/or in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.  This arose from plaintiff's physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated

herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invites and guests.

37.    Said architectural barrier(s) as stated herein deprived and deterred plaintiff the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject Best Western Camarillo Inn.

38.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

39.    As a legal result of defendants' and each of their failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

40.    As a legal result of defendants' actions or omissions as stated herein and defendants' denial of access to plaintiff to all or part of the facilities constituting the public accommodations which comprise the Best Western Camarillo Inn, plaintiff was wrongfully evicted and/or rejected by defendants, and each of them.

41.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff  BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.* And, plaintiff  BYRON CHAPMAN suffered bodily injury at time(s) stated herein including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing architectural barriers, plaintiff suffered continuous, repetitive and cumulative trauma to his right/left upper extremities while attempting to over come architectural barriers.

42.    Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

43.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff harm as stated herein.

44.    Plaintiff  BYRON CHAPMAN was denied his rights to equal access to a public facility by defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, because defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, maintained an Inn without access for persons with physical disabilities to its facilities, including but not limited to the parking, sign age, lobby, dining room, guest room(s), swimming pool, outside stairs, stair cases, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

45.    Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

46.    Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAGE and California Building Code.

///

47.     Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

48.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiff seeks an order from this court compelling defendants to make the Best Western Camarillo Inn accessible to persons with disabilities.

49.     Plaintiff, as described herein below, seeks injunctive relief to require the Best Western Camarillo Inn to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the Inn as a public facility.

50.     Plaintiff(s) believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

51.     Plaintiff seeks damages for violation of his civil rights on January 26, 2016, September 1, 2016 and May 26/27, 2017 and **deterrence occasion(s)** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a), for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and

1   conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and

2   justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

3   profound example of defendants, and each of them, to other operators and landlords of other inns,

4   hotels and motels and other public facilities, and to punish defendants and to carry out the purposes

5   of  the Civil Code §§ 51, 51.5 and 54.

6          52.    At all times stated herein and for post complaint occasions, plaintiff has an

7    absolute unfettered civil right to return to the public accommodation(s) complained of within

8   thirty (30) day intervals until defendants remove all architectural barriers under their continuing

9   obligation to identify and remove architectural barriers.

10         53.    Plaintiff is informed and believes and therefore alleges that defendants

11  CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN;

12  LU FAMILY PROPERTIES LLC , and each of them, caused the subject building(s) which

13  constitute the Best Western Camarillo Inn to be constructed, altered and maintained in such a

14  manner that persons with physical disabilities were denied full and equal access to, within and

15  throughout said building(s) of the Best Western Camarillo Inn and were denied full and equal use

16  of said public facilities.  Furthermore, on information and belief, defendants have continued to

17  maintain and operate said Inn and/or its building(s) in such conditions up to the present time,

18  despite actual and constructive notice to such defendants that the configuration of the Inn and/or its

19  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

20  and other members of the disability community.  Such construction, modification, ownership,

21  operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

22  51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

23         54.    Defendants' actual and constructive notice that the physical configuration of the

24  facilities including, but not limited to, architectural barriers constituting the  Best Western

25  Camarillo Inn  and/or building(s) was in violation of the civil rights of persons with physical

26  disabilities, such as plaintiff, includes, but is not limited to, coming into contact with public

27  accommodations with accessible elements and facilities since January 26, 1991, communications

28  with invites and guests, plaintiff  BYRON CHAPMAN himself, possibly sponsors of conferences

owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the Best Western Camarillo Inn accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the Best Western Camarillo Inn.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

55.     Plaintiff  BYRON CHAPMAN and the disability community, including 4A4U, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, inclusive)
(42 U.S.C. §12101, *et seq*.)

///

56.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

57.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

58.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

59.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more

COMPLAINT FOR INJUNCTIVE  RELIEF AND DAMAGES

than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

42 U.S.C. §12181(7)(A)

60.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

61.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

///
///

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

62.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of Best Western Camarillo Inn pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

63.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

64.     On information and belief, construction work on, and modifications of, the subject building(s) of Best Western Camarillo Inn occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

65.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or

1   making use of the public facilities complained of herein so long as the premises and defendants'

2   policies bar full and equal use by persons with physical disabilities.

3        66.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

4   disability to engage in a futile gesture if such person has actual notice that a person or organization

5   covered by this title does not intend to comply with its provisions."   Pursuant to this section,

6   plaintiff  BYRON CHAPMAN has not returned to defendants' premises since on or about

7   September 1, 2016, but on information and belief, alleges that defendants have continued to violate

8   the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

9   public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

10  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

11  facilities readily accessible to and usable by individuals with disabilities to the extent required by

12  this title."

13       67.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

14  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the

15  Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive

16  relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be

17  the prevailing party.

18  **II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN
         VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

19       (On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants CAMARILLO
         HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY

20       PROPERTIES LLC, inclusive)
         (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21

22       68.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

23  allegations contained in paragraphs 1 through 67 of this complaint.

24       69.     At all times relevant to this action, California Civil Code §54 has provided that

25  persons with physical disabilities are not to be discriminated against because of physical handicap

26  or disability.  This section provides that:

27             (a) Individuals with disabilities . . . have the same rights as
         the general public to full and free use of the streets, highways,
         sidewalks, walkways, public buildings, medical facilities, including

28       hospitals, clinics, and physicians' offices, and other public places.

70.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

71.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

72.     Plaintiff BYRON CHAPMAN is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to defendants' Best Western Camarillo Inn.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the Inn because of his knowledge and belief that the Inn is inaccessible to persons with disabilities.

California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an

individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

73.     On or about January 26, 2016,September 1, 2016 and May 26/27, 2017 , and **deterrence occasion(s)** plaintiff  BYRON CHAPMAN suffered violations of Civil Code §§54 and 54.1 in that plaintiff was denied access to parking, sign age, lobby, dining room, guest room(s), swimming pool, outside stairs, stair cases and other public facilities as stated herein at the Best Western Camarillo Inn and on the basis that plaintiff BYRON CHAPMAN was a person with physical disabilities.

74.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff  BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff  BYRON CHAPMAN suffered bodily injury at time(s) stated herein including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing architectural barriers, plaintiff suffered continuous, repetitive and cumulative trauma to his right/left upper extremities while attempting to over come architectural barriers.

75.     Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated

1  with the encountering of architectural barriers and legally resulting in adverse experiences.  No

2  expert testimony regarding this usual mental and emotional distress will be presented at trial in

3  support of the claim for damages.

4        76.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and

5  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights

6  as a person or an entity that represents persons with physical disabilities on or about January 26,

7  2016,September 1, 2016, May 26/27, 2017 *and* **deterrence occasion(s)**, and on a continuing basis

8  since then, including statutory damages, a trebling of all of actual damages, general and special

9  damages available pursuant to §54.3 of the Civil Code according to proof.

10        77.    As a result of defendants', and each of their, acts and omissions in this regard,

11  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

12  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

13  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

14  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

15  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

16  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

17  compel the defendants to make their facilities accessible to all members of the public with

18  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the

19  provisions of §1021.5 of the Code of Civil Procedure.

20  **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** ***ET. SEQ.***

21  (On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY

22  PROPERTIES LLC, inclusive)

23  (Health & Safety Code §19955, *et seq.*)

24        78.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

25  allegations contained in paragraphs 1 through 77 of this complaint.

26        79.    Health & Safety Code §19955 provides in pertinent part:

27      The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part

28

"public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

80.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the Best Western Camarillo Inn and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Inn and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said public accommodation  and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

81.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of  the Best Western Camarillo Inn and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

82.    Public hotels such as the Best Western Camarillo Inn are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

83.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

84.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

85.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

**IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, inclusive)
(Civil Code §51, 51.5)

86.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 85 of this complaint.

87.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies,

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

88.   The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

89.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at ¶56 *et seq*., as if repled herein.

90.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff  BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff  BYRON CHAPMAN suffered bodily injury at time(s) stated herein including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing architectural barriers, plaintiff suffered continuous, repetitive and cumulative trauma to his right/left upper extremities while attempting to over come architectural barriers.

///

91.     Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

92.     Plaintiff is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT  OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, inclusive, to make the Best Western Camarillo Inn, located at 295 E. Daily Drive, Camarillo, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

1    3.     For such other and further relief as the court may deem proper.

2  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
3          EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
          AND 54.3, *ET SEQ.***
4          (On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants CAMARILLO
          HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY
          PROPERTIES LLC, inclusive)
5          (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6    1.     For injunctive relief, compelling defendants CAMARILLO HOSPITALITY

7  INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC,

8  inclusive, to make the Best Western Camarillo Inn, located at 295 E. Daily Drive, Camarillo,

9  California, readily accessible to and usable by individuals with disabilities, per state law.

10    2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and

11  for each occasion on which plaintiff was deterred from returning to the subject public

12  accommodation;

13    3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure

14  §1021.5, if plaintiffs are deemed the prevailing party;

15    4.     Treble damages pursuant to Civil Code §54.3;

16    5.     General damages according to proof;

17    6.     For all costs of suit;

18    7.     Prejudgment interest pursuant to Civil Code §3291; and

19    8.     Such other and further relief as the court may deem just and proper.

20  **III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
21         §19955, *ET. SEQ.***
          (On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants CAMARILLO
22         HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY
          PROPERTIES LLC, inclusive)
23         (Health & Safety code §19955, *et seq.*)

24    1.     For injunctive relief, compelling defendants CAMARILLO HOSPITALITY

25  INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC,

26  inclusive, to make the Best Western Camarillo Inn, located at 295 E. Daily Drive, Camarillo,

27  California, readily accessible to and usable by individuals with disabilities, per state law;

28  ///

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      For injunctive relief, compelling defendants CAMARILLO HOSPITALITY INC., D.B.A. BEST WESTERN CAMARILLO INN; LU FAMILY PROPERTIES LLC, inclusive, to make the Best Western Camarillo Inn, located at 295 E. Daily Drive, Camarillo, California, readily accessible to and usable by individuals with disabilities, per state law;

2.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

3.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

4.      General damages according to proof;

5.      Treble damages pursuant to Civil Code §52(a);

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

Dated: July 3, 2017          THOMAS E. FRANKOVICH,
                         *A PROFESSIONAL LAW CORPORATION*

                         By: __/s/ Thomas E. Frankovich_____
                                Thomas E. Frankovich
                      Attorney for Plaintiff Byron Chapman

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 3, 2017                                THOMAS E. FRANKOVICH,
                                                   *A PROFESSIONAL LAW CORPORATION*


                                                   By: __/s/ Thomas E. Frankovich_____
                                                       Thomas E. Frankovich
                                                   Attorney for Plaintiff  Byron Chapman